**Jorge SILVA-WISCOVICH, D.D.S.,
Plaintiff, Appellant,**

v.

**The WEBER DENTAL MANUFACTUR-
ING CO., et al., Defendants, Appellees.**

**No. 86–1068.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1987.

Decided Dec. 22, 1987.

Francisco G. Bruno, Jorge Carazo Quetglas and Sweeting, Gonzalez & Cestero, Hato Rey, P.R., on brief, for plaintiff, appellant.

Nestor Duran and McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, Hato Rey, P.R., on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge,
BOWNES and BREYER, Circuit
Judges.

LEVIN H. CAMPBELL, Chief Judge.

On September 19, 1982, Jorge Silva-Wiscovich, a dentist, injured his right hand when the dental chair he had bought from defendants collapsed while he was inspecting and handling the mechanism for raising and lowering the chair. On September 19, 1983, Silva-Wiscovich and his wife filed an action against defendants in the United States District Court for the District of Puerto Rico. On January 12, 1984, plaintiffs were ordered to show cause why the suit should not be dismissed since the complaint had not been served upon defendants. On January 20, 1984, plaintiffs moved for a voluntary dismissal of their action without prejudice. The dismissal was granted on January 23, 1984, and on January 18, 1985, Silva-Wiscovich alone (his marriage having been dissolved) commenced the instant action on the same grounds previously alleged.

The district court denied a joint motion by the parties for certification to the Supreme Court of Puerto Rico of the question "whether the filing of an action which is subsequently voluntarily dismissed interrupts or suspends the statute of limitations." Holding that the present action was barred by operation of the applicable one-year Puerto Rico statute of limitations, the court ruled that the case of *González v. San Juan L. & T. Co.*, 17 P.R.R. 115 (1911), controlled. Under *González*, the filing of the first action, which was later voluntarily dismissed, would not toll the running of the one-year statute of limitations, but would merely have suspended it during the period from the date the action was filed until the date it was dismissed. Thus, Silva-Wiscovich only had until midnight of the same day the first action was dismissed to bring a second action, as the first action had been filed on the very last day of the one-year period allowed by the statute of limitations.

Silva-Wiscovich appealed from the district court's judgment of dismissal. He contends that the district court erred in concluding that the rule in *González* was still operative, arguing that the *González* case has been overruled by *De Jesús v. De Jesús*, 37 P.R.R. 143, 146 (1927). Believing that the matter was unclear, this court certified to the Supreme Court of Puerto Rico on September 15, 1986, the following question:

> Does the filing of a complaint which is later voluntarily dismissed by the plaintiff toll ("interrupt") the running of the statute of limitations for purposes of liberative prescription or merely suspend it, from the date it was filed until the date it was dismissed?

We now have the response from the Supreme Court of Puerto Rico. *Silva-Wiscovich v. Weber Dental Manufacturing Co.*, No. CE–86–606, slip op. (P.R. Nov. 10, 1987). In a carefully reasoned opinion, the Supreme Court of Puerto Rico has made it clear that *González* is no longer good law.

In the instant case, the original action was filed within one year. The plaintiffs voluntarily dismissed the action without prejudice before the defendants had been summoned. This step tolled the statute of limitations. Under the doctrine expounded above, there was no abandonment arising from the mere lapse of time. The timely filing of that action and the subsequent voluntary dismissal without prejudice was made with reservation of the right to file the action again. The [one-year] term starts to run anew from the moment the action brought comes to a definite end.

Slip op. (official English translation) at 10 (citations omitted).

Plaintiff filed the present action within the new one-year period. The instant action was consequently not time barred.

*The judgment of the district court is vacated and the case remanded for further proceedings not inconsistent herewith.*