884 F.2d 1532
 Elba Judith OLIVERAS-SALAS, Plaintiff, Appellee,
v.
PUERTO RICO HIGHWAY AUTHORITY, et al., Defendants, Appellees.
Appeal of PUERTO RICO ELECTRIC POWER AUTHORITY, etc.,
Defendant, Appellant.
Juana Salas VDA. DE OLIVERAS, Plaintiff, Appellee,
v.
PUERTO RICO HIGHWAY AUTHORITY, et al., Defendants, Appellees.
Appeal of PUERTO RICO ELECTRIC POWER AUTHORITY, etc.,
Defendant, Appellant.
Elba Judith OLIVERAS-SALAS, et al., Plaintiffs, Appellees,
v.
PUERTO RICO HIGHWAY AUTHORITY, et al., Defendants, Appellees.
Appeal of PUERTO RICO ELECTRIC POWER AUTHORITY, etc.,
Defendant, Appellant.
 Nos. 88-2077, 89-1059 and 89-1060.
 United States Court of Appeals,
First Circuit.
 Heard July 31, 1989.
Decided Sept. 15, 1989.
 
 1
 Marcos Valls Sanchez with whom Cobian & Ramos was on brief for Puerto Rico Elec. Power Authority, etc.
 
 
 2
 F. Castro Amy for third-party defendant, appellee Guillermety, Ortiz Associates.
 
 
 3
 Before BOWNES and SELYA, Circuit Judges, and HARRINGTON,* District Judge.
 
 
 4
 HARRINGTON, District Judge.
 
 
 5
 This is an appeal by defendant-third party plaintiff-appellant, Puerto Rico Electric Power Authority ("PREPA"), a public authority of the Commonwealth of Puerto Rico. The appeal arises from a suit[1] alleging damages caused by the negligent acts or omissions of third party defendants-appellees, Guillermety, Ortiz Associates, Luis Guillermety, Pedro J. Ortiz Santiago, Pedro J. Ortiz Burgos (hereinafter referred to as "GOA"), and Tito Castro Construction, Inc., (hereinafter "Castro"), in failing to prevent the collapse of a bridge. The third party defendants are the architects and the contractor of that bridge.
 
 
 6
 The issues before the Court are: (A) whether the district court erred in refusing to certify to the Supreme Court of Puerto Rico the question of whether the action against third party defendants was time-barred by Article 1483 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 4124, and the definition of the "legal period" stated in Article 1809 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 5148 (hereinafter the "Civil Code"); (B) whether the district court erred in its determination that the claims against the defendants-appellees are time-barred; (C) whether the district court erred in dismissing the third party complaint because of the existence of a genuine controversy of fact; and (D) whether the district court erred in its determination that Article 1483 of the Civil Code does not violate the constitutional guarantees of due process and equal protection of the law. For reasons described below, we AFFIRM the district court in dismissing the third party complaints.
 
 PROCEDURAL BACKGROUND
 
 7
 Plaintiff claims that serious injuries and deaths occurred as a result of the collapse of a highway bridge over the Coamo River in Puerto Rico in October, 1985. Plaintiff brought her action in tort against various Commonwealth agencies who oversaw the planning, construction and maintenance of the bridge. One of the agencies, PREPA, impleaded the architects and construction contractor of the bridge, appellees GOA, and Castro, respectively.
 
 
 8
 GOA and Castro moved for dismissal or, in the alternative, summary judgment of the third party claims, pursuant to Articles 1483 and 1809, 31 L.P.R.A., Secs. 4124 and 5148. The district court (Acosta, J.) entered Judgments dismissing the third party complaints against GOA and Castro, holding that: (1) The "legal period" referred to in Article 1809 was defined by Article 1483; and (2) the third party claims were barred by Article 1483 of the Civil Code, 31 L.P.R.A. Sec. 4124. Article 1809, 31 L.P.R.A. 5148 provides in relevant part,
 
 Defects in Construction
 
 9
 Should the damages referred to in the two preceding sections arise from defects in construction, the third person who suffers it may only claim damages of the architect, or, in a proper case, of the constructor, within the legal period. (Emphasis added).
 
 
 10
 Article 1483 provides,
 
 
 11
 The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten years, to be counted from the completion of the construction; and during the same time the liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.
 
 
 12
 If the cause [of the collapse] should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen years. (Emphasis added).
 
 
 13
 Article 1483 is known as the "plazo decenal." It sets forth the jurisdictional period after which a claim no longer exists in the eyes of the law. In re Dupont Plaza Fire Litigation, 687 F.Supp. 716, 729 (D.Puerto Rico 1988). The purpose of the statute is to limit to ten years after completion of construction the period in which a claim can be brought against the architect and contractor for damages resulting from the collapse of a structure. In this case, the district court accepted as uncontroverted evidence that the ten-year period expired on December 20, 1982, close to three years prior to the accident of October 7, 1985, which is the subject of the complaint. On this basis, the lower court ruled that any claims against GOA and Castro were time-barred.
 
 
 14
 The district court also determined that certification to the Supreme Court of Puerto Rico of questions regarding statutory interpretation was not necessary. The judgments were certified as final pursuant to Fed.R.Civ.P. 54(b). Third party plaintiff PREPA filed its notice of appeal to this Court.
 
 DISCUSSION
 
 15
 When we are faced with a question involving the proper construction of Puerto Rico law, we accord respect to the district judges who are citizens of Puerto Rico and well versed in the Spanish underpinnings of Puerto Rico law. Gual Morales v. Hernandez Vega, 604 F.2d 730, 732 (1st Cir.1979) (citing Diaz-Buxo v. Trias Monge, 593 F.2d 153, 156 (1st Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); Gual Morales, 579 F.2d 677, 682 (1st Cir.1978); Berrios Rivera v. British Ropes, Ltd., 575 F.2d 966, 970 (1st Cir.1978); Graffals v. Garcia Santiago, 550 F.2d 687, 688 (1st Cir.1977)). Compare with Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 319 (1st Cir.1978) (sharp conflict among judges will undercut deference and compel independent assessment).
 
 
 16
 In a federal diversity case, the decision to certify a question of law to the local court is discretionary. Ruiz Rodriguez v. Litton Industries Leasing Corp., 574 F.2d 44, 46 (1st Cir.1978) (citing Lehman Bros. v. Schein, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970)). In considering a district court's choice not to certify, the standard of review is abuse of discretion. Ruiz Rodriguez, 574 F.2d at 46.
 
 
 17
 In Judge Acosta's order of July 5, 1988 dismissing the third party complaint, he stated that "the legal arguments presented by the Puerto Rico Power Authority (PREPA) were all properly addressed by this Court in ... In re San Juan Dupont Plaza Hotel Fire Litigation...." For that reason, this opinion reviews Judge Acosta's analysis of the issues in Dupont as applied to these facts. One of the issues raised in Dupont was the propriety of requests for certification of the same questions presented here.
 
 
 18
 It is unnecessary to discuss again the lower court's decision not to certify, except to note that its analysis in Dupont on this subject was complete. See id. at 725-26. The Dupont opinion included an application of the necessary elements for certification to the questions at hand. Id. (citing Pan Ame. Comp. Corp. v. Data Gen. Corp., 112 D.P.R. 780, 788, 12 P.R.S.Ct.Off.Trans. 983, 993 (1982)). The district court in Dupont also addressed certification within the context of Puerto Rico's unique nature as a mixed jurisdiction, which integrates the Spanish Civil Code with the American common law system. See 687 F.Supp. at 726 (citations omitted).
 
 
 19
 In writing the Dupont decision, the district court analyzed three sources of Puerto Rico jurisprudence: statutory law, the work of the tratadistas, legal scholars who provide commentary on the Civil Code, and prior case law. The district court concluded that these sources provided sufficient legal support to determine that certification was unnecessary. Id. We find nothing in the district court's reliance on its Dupont analysis which would warrant reversal here.
 
 
 20
 Our next step is to consider the district court's ruling that the ten-year plazo decenal of Article 1483 provides the proper definition of the "legal period," as stated in Article 1809. As an ordinary matter, the interpretation of local law pertaining to a statute of limitations by the district court sitting in that jurisdiction is entitled to some deference from a reviewing court. Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d at 319 (citing Runyon v. McCrary, 427 U.S. 160, 181-82, 96 S.Ct. 2586, 2599-2600, 49 L.Ed.2d 415 (1976), Graffals v. Garcia Santiago, 550 F.2d 687, 688 (1st Cir.1977)).
 
 
 21
 Article 1809, 31 L.P.R.A. 5148, supra, p. 1534, does not provide the length of the "legal period." The legal period is defined only by reference to an appropriate statute, and herein lies the central controversy in this case. Appellant PREPA asserts that Article 1483, supra, p. 1534, cannot provide the legal period in this case. PREPA argues that Article 1483 applies only to parties in privity of contract, not to third parties such as the plaintiff. Appellant asserts that the proper legal period for this situation is the statute of limitations which corresponds to the general tort liability statute found in section 5141 of Title 31 of the Civil Code. The statute of limitations provides:The following [actions] prescribe in one year:
 
 
 22
 * * *
 
 
 23
 2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof.
 
 
 24
 Article 1868 of the Civil Code, 31 L.P.R.A. Sec. 5298. If this tort-based statute of limitations applies, then PREPA's cause of action is preserved by its timely filing of the complaint within one year of the bridge's collapse. If Article 1483 applies, the claims are time-barred by the plazo decenal.
 
 
 25
 The district court in Dupont reasoned that because third parties benefit from the plazo decenal during the ten years in which there is a presumption of negligence applied to architects and contractors, see 687 F.Supp. at 728-29, it follows that third parties are bound by the plazo decenal's protection to architects and contractors after ten years. The court in Dupont explained the basis for such a decision.
 
 
 26
 First, the court followed the majority opinion of the tratadistas, whose authority carries significant weight in Puerto Rico. See Dupont, 687 F.Supp. at 729-30. The court also relied upon dicta from an opinion of the Supreme Court of Puerto Rico, The Powerlite of P.R. v. C.R.U.V., 115 D.P.R. 654 (1984). See Dupont, 687 F.Supp. at 730. The district court indicated that one purpose of the Supreme Court opinion in the Powerlite case was to analyze Article 1483, and the district court concluded that the statement of the Puerto Rico Supreme Court, "[w]hat this article means is, basically, that the architect is liable to a third party for ruina caused by defects in the ground and supervision," id. (quoting 115 D.P.R. at 658), provided sufficient precedent. The district court determined that the Powerlite decision, accompanied by previous interpretations of Article 1483 by the Puerto Rico Supreme Court, and the opinion of the tratadistas provided clear support for ruling that the plazo decenal is the proper standard, thus barring appellants' claims. We agree with the district court's ruling that Article 1483 is the appropriate legal standard in this case.
 
 
 27
 Appellants also challenge the lower court's decision to grant summary judgment, contending there exists a genuine issue of material fact. Rule 56(c) of the Federal Rules of Civil Procedure requires that there be no genuine issue of material fact before summary judgment is granted. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 28
 The party opposing summary judgment may not rest upon mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is an issue for trial. See Over the Road Drivers, Inc. v. Transport Ins. Co., 637 F.2d 816, 818 (1st Cir.1980). The district court rejected PREPA's contentions that such issues remained, stating that the questions raised were not material for purposes of the issue before it. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); accord, U.S. Fire Insurance Co. v. Producciones Padosa, Inc., 835 F.2d 950, 953 (1st Cir.1987). PREPA failed to controvert appellants' verified statement that the bridge on which they worked was completed and accepted by the Commonwealth on December 20, 1972, a date which brings the action under the prohibition of Article 1483. Therefore, PREPA's assertions and speculations in its brief regarding disputed facts are insufficient to defeat a motion for summary judgment.
 
 
 29
 The last issue for consideration is appellants' challenge of the constitutionality of the statutes. The district court in the Dupont case ruled that the legislation enacting the plazo decenal had a rational basis related to a legitimate state purpose. From our own prior consideration of an analogous statute in Cournoyer v. Massachusetts Bay Transportation Authority, 744 F.2d 208, 212 (1st Cir.1984), this court determined that a Massachusetts statute of repose was not constitutionally deficient because the legislature could have concluded a rational basis existed for the classification of defendants. For essentially the same reasons, we approve of the lower court's interpretation regarding the constitutionality of the plazo decenal.
 
 
 30
 Accordingly, we AFFIRM the district court decision to dismiss the claims by appellant against the appellees.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 This appeal arises from the case of Elba Judith Oliveras-Salas v. Puerto Rico Highway Authority, et al., Puerto Rico Electric Power Authority, Etc. There are two companion cases with the same defendants, Juana Salas VDA. De Oliveras v. Puerto Rico Highway Authority, et al., Puerto Rico Electric Power Authority, Etc. and Elba Judith Oliveras-Salas, et al. v. Puerto Rico Highway Authority, et al., Puerto Rico Electric Power Authority, Etc. These cases were heard by three district court judges, all of whom ruled in favor of appellees on the issues presented for appeal