**Carmen Vega MARTINEZ, et al., Plaintiffs,**

v.

**Marcos CALZADILLA, Defendant.**

**Civ. No. 88–1843 (JAF).**

United States District Court,
D. Puerto Rico.

Feb. 12, 1991.

Francisco Agrait–Oliveras, for plaintiffs.

Antonio Moreda–Toledo, Moreda & Moreda, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiffs, owners of condominium apartments, filed suit on November 2, 1988 against defendant contractor alleging construction defects. This court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a). Having carefully reviewed the file and, in light of both the First Circuit's holdings in *Felix Davis v. Vieques Air Link,* 892 F.2d 1122 (1st Cir. 1990), and *Oliveras Salas v. Puerto Rico Highway Authority,* 884 F.2d 1532 (1st Cir.1989), and Puerto Rico law,[1] we *dismiss* plaintiffs' claims as being time-barred.

### I.

### *Facts and Procedural History*

The facts before us are straightforward and are not in dispute. Plaintiffs are owners of condominium apartments in the Park Garden Town House Condominium ("Park Garden"), Rio Piedras, Puerto Rico. In the fall of 1976, plaintiffs entered into purchase agreements with Desarrolladora Tres, Inc. ("Tres"), a Puerto Rico corporation which acted as the seller of the apartments. The condominiums were built by contractor Marcos Construction Corporation ("MCC"), also a Puerto Rico corporation. Defendant Marcos Calzadilla, a resident of Florida, was one of the stockholders and an officer of both MCC and Tres.[2] By the end of October 1976, all of the original buyers had purchased their apartments in Park Garden.

Plaintiffs allege that, since 1976, a series of construction defects have been discovered which threaten the "ruin" of both their apartments and the building as a whole. (Docket Document No. 1, ¶ 7).[3] Plaintiffs further allege that the defendant has had notice of these construction defects since their discovery, (*Id.* at ¶ 9), and has not corrected them. Plaintiffs claim that these defects are the result of negligent construction and seek damages, costs, and attorney's fees.

On September 12, 1986, over two years before filing the federal court action, plaintiffs commenced a suit in the Superior Court of Puerto Rico against defendant, MCC, Tres, and others alleging substantially the same claims. This latter action is still pending before the local court.

Very early in the federal court litigation, defendant moved for dismissal arguing that the ten-year period in Article 1483 [4] of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4124, had expired and, therefore, the federal action was time-barred. (Docket Document No. 2).

---

**1.** *In re San Juan Dupont Plaza Hotel Fire Litigation,* 687 F.Supp. 716 (D.P.R.1988); *Federal Ins. Co. v. Dresser,* 111 D.P.R. 96 (1981); *Rivera v. Las Vegas Dev. Co., Inc.,* 107 D.P.R. 384 (1978).

**2.** There is some dispute as to whether defendant is, in fact, the contractor who personally supervised construction of the condominiums or whether he is solely an officer and shareholder of the corporation who developed the project. For the purposes of this decision, this distinction is of no consequence and we will refer to defendant as the contractor.

**3.** Among the defects alleged are the displacement and unstableness of the ground below the foundation which have caused damage to common areas, filtration of water in the ceilings, walls and windows, and cracks in the walls throughout the building.

**4.** Article 1483 reads as follows:

The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages *if said should collapse within ten years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.*
If the cause should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen years.

31 L.P.R.A. § 4124 (1930) (emphasis added).

After this court had initially denied defendant's motion without prejudice, the United States Court of Appeals for the First Circuit decided two cases dealing with Article 1483. In the first case, *Oliveras–Salas v. Puerto Rico Highway Authority*, 884 F.2d 1532, 1534 (1st Cir.1989), the court stated clearly that Article 1483, known in Spanish as the *plazo decenal*, "sets forth the jurisdictional period [*periodo de caducidad*] [of ten years] after which a claim no longer exists in the eyes of the law. *In re Dupont Plaza Hotel Fire Litigation*, 687 F.Supp. 716, 729 (D. Puerto Rico 1988)." The court went on to find that the same ten-year period applied to third parties who are claiming against contractors and architects as it would to parties who are in privity of contract. *Oliveras–Salas*, 884 F.2d at 1536.

In the second First Circuit case, *Felix Davis v. Vieques Air Link*, 892 F.2d 1122, 1125–26 (1st Cir.1990), the court affirmed the district court's ruling that Article 1483's ten-year limitation period for construction defects applied also to the defective installation of fixtures.[5] The court also noted that, under Puerto Rico law, the ten-year limitation period is a single term filing period which means that both the *ruina* and the filing of the suit must occur within the ten-year period. *Felix Davis*, 892 F.2d at 1128; *see Rivera v. Las Vegas Dev. Co.*, 107 P.R.R. 425 (1978).

## II.

### *Discussion*

### A. Federal Standard

We begin by recognizing that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. As the United States Supreme Court opined, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Both parties agree that the federal court action was filed in November of 1988, more than twelve years after the completion of the building construction.

Plaintiffs here invoke the diversity jurisdiction of this court. A federal district court, sitting in diversity, must apply the substantive law of the local forum in which it sits. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Included in the substantive law are the applicable periods of limitation in which an action can be brought, *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), as well as the applicable state tolling provisions. *Board of Regents, etc. v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Our task then is to look to Puerto Rico law to analyze Article 1483 and interpret it as would the Puerto Rico courts. In doing so, we cannot shy away from the duty to answer questions of state law which may be dispositive simply because "the highest court of the state had not answered them, the answers were difficult, and the character of the answers which the highest state courts might ultimately give remained uncertain." *Meredith v. Winter Haven*, 320 U.S. 228, 237, 64 S.Ct. 7, 12, 88 L.Ed. 9 (1943).

It is undisputed that the nature of plaintiffs' claim is that of a suit seeking recov-

---

**5.** The court rejected appellant's argument that the fifteen-year period for contract actions between the parties, also contained in Article 1483, was the applicable period of limitations. In defining what constitutes a defect, the court reviewed Puerto Rico Supreme Court precedent and found that Article 1483 encompassed a wide range of conditions and defined the word "building" to include elevators, piping systems, and other installations if they "are an important part of the work and are permanently attached to the building by the contractor." *Felix Davis*, 892 F.2d at 1126. The court also went on to define the concept of collapse (in Spanish, *rui-na*) as not being limited to total physical destruction, (*ruina total*), but as also including "defects which endanger the structure or destroy an essential part of it," (*ruina parcial*), and "defects in the structure or of an essential part of it which makes the structure unsuitable for its intended use" (*ruina funcional*). *Felix Davis*, 892 F.2d at 1126. The court, citing the Puerto Rico case of *Maldonado Pérez v. Las Vegas Dev.*, 111 P.R.R. 716, 718 (1981), found that the ten-year limitation period in Article 1483 applied not only to *ruina total*, but also to *ruina parcial* and *ruina funcional*. *Felix Davis*, 892 F.2d at 1126.

ery for construction defects. From our discussion of *Oliveras–Salas* and *Felix Davis, infra*, whether defendant was in privity of contract with plaintiffs (as plaintiffs claim) or a third party (as a stockholder and officer of MCC as defendant alleges), the applicable time period for commencing suit in a judicial forum was ten years. Plaintiffs failed to commence the *federal* action within the *plazo decenal* (ten-year period). Therefore, unless, under Puerto Rico law, the ten-year limitation period was in some way tolled or interrupted by the filing of the local court action, plaintiffs' action would be time-barred. In order to determine this issue, we must determine whether the *plazo decenal* is a period of *caducidad* or one of *prescripción*, and the tolling provisions, if any, applicable to each.

### B. Plazo Decenal—Period of Caducidad or Prescripción

Key to the determination of whether the filing of a judicial action tolls or interrupts the ten-year period is whether the *plazo decenal* is a period of *caducidad* or one of *prescripción*. This determination is crucial because, under Puerto Rico law, if the ten-year period is one of *prescripción*, then Article 1873, read in conjunction with Article 1868, 31 L.P.R.A. § 5298(2) (one year prescription period for tort actions, *see* Article 1802, 31 L.P.R.A. § 5141), allows for the interruption of the period "by their [the actions'] institution in the courts, by extrajudicial claims of the creditor, and by any act of acknowledgement of the debt by the debtor." 31 L.P.R.A. § 5303. The First Circuit, interpreting Puerto Rico law, found this section to mean that where the same action had been previously commenced in another judicial forum, Article 1873 tolls the statute of limitations. *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir.1978); *Silva–Wiscovich, D.D.S. v. The Weber Dental Manufacturing Co.*, 835 F.2d 409 (1st Cir.1987) (voluntary dismissal of federal action tolls statute of limitations.); *Burke v. Compagnie Nationale Air France*, 699 F.Supp. 1016, 1017

(D.P.R.1988); *Báez v. American Cyanamid Co. Caribbean Branch*, 685 F.Supp. 303, 307 (D.P.R.1988) ("Since the complaint was filed within a year of the discharge, plaintiff interrupted the local claim's one year prescription."); *Pacheco v. National Western Life Ins. Co.*, 640 F.Supp. 900, 902 (D.P.R.1986) (finding Article 1873 applies to cases brought under Puerto Rico Dealer's Act, 10 L.P.R.A. §§ 278 *et seq.*); *Torres v. Padilla*, 622 F.Supp. 1276, 1279 (D.P.R.1985) ("In Puerto Rico, contrary to the American common law, prior judicial actions toll the statute of limitations."). Because the local court action deals with basically the same claim, minus the corporate defendants in order to preserve diversity,[6] if the *plazo decenal* is a term of prescription, the local filing would presumably toll the term of limitation and plaintiffs' federal filing would have been timely.

On the other hand, if the ten-year term of Article 1483 is a *plazo de caducidad*, then Article 1873 would not be controlling. The basis for this lies in the differences between *caducidad* (extinguishment) and *prescripción* (what common law jurisdictions usually refer to as statutes of limitations). While both *caducidad* and *prescripción* deal with periods of limitations in which an action can be brought, the civil law jurisprudence has developed distinct theories and rules of application for each concept.

In *R.P. Farnsworth & Co. v. Puerto Rico Urban Renewal & Housing Corporation*, 289 F.Supp. 666, 669 (D.P.R.1968), this district court, (Fernández–Badillo, J.), elaborated the consequences of a limitation period being one of *caducidad:*

1. Caducity periods have the effect of extinguishing the right to a cause of action.

2. Its purpose is to determine beforehand a specific amount of time during which a cause of action may be exercised.

3. Caducity periods admit of no interruption. Their extinguishing or barring effect is absolute and runs automatically with time.

---

**6.** Because of our disposition of this case, we make no findings as to whether Tres and MCC

are indispensable parties who should be joined pursuant to Fed.R.Civ.P. 19.

4. The defense of caducity can be raised by the court *ex officio judicis.*

5. Once the caducity period has elapsed the cause of action is barred forever.

*See Industrial Equip. Corp. v. Builders Ins. Co.,* 108 D.P.R. 290, 294–297 (1979) (distinguishing *caducidad* and *prescripción*); *Ortiz Rivera v. Heirs of González Martinez,* 93 P.R.R. 549, 552–562 (1966) (summarizing the discussion of Civil Code commentators analyzing the distinctions between *caducidad* and *prescripción*). In *Eisele v. Orcasitas,* 85 P.R.R. 84, 87–89 (1962), the Puerto Rico Supreme Court found that where an action concerns a period of extinguishment (*caducidad*) rather than one of *prescripción,* there can be no interruption of the period. In *Eisele,* the court went on to compare *caducidad* with time limitations in other United States jurisdictions where the time for filing suit is part of the substantive cause of action. The court noted that these types of limitation periods, jurisdictional in nature, would be analogous to the civil law concept of *caducidad.* 85 P.R.R. at 90.

Also, in analyzing the differences between *caducidad* and *prescripción,* the Civil Code commentator Guaroa Velázquez found that, in *caducidad,* the time period is bound to the claim *ab origene.* Consequently, regardless of the motive for not bringing the action during the applicable period, the possibility of bringing the action ends when the time period lapses. Quoting Rotondi, Velázquez stated that "[a]n important consequence of this [with respect to *caducidad* ] is that there can be no basis for suspension or interruption, if the right has not been exercised. The extinguishment (*decadencia* ) [of the action] can only be avoided by completion of the act foreseen by the law." Guaroa Velázquez, *Las Obligaciones,* § 482 at 257 (translation ours).

This review of Puerto Rico law convinces us that where a period of limitations is one of *caducidad,* there can be no tolling of the time period, not even for the filing of a second similar case in federal court based on diversity jurisdiction. Unlike *prescripción,* where the time limitation is not itself part of the cause of action, periods considered those of *caducidad* are so intimately connected with the cause of action that, when the limitation period ends, neither the parties nor the court have the power to extend the time period. In that sense, *caducidad* relates to the subject matter jurisdiction of the court in that, after the time period expires, the court is without power to hear the claim, precisely because *there no longer exists a claim.* (It is *extinguished* ).[7]

Our final inquiry confirms that the *plazo decenal* is a period of *caducidad.* The Supreme Court of Puerto Rico has so ruled. *Federal Ins. Co. v. Dresser,* 111 D.P.R. 96 (1981); *Rivera v. Las Vegas Dev. Co., Inc.,* 107 D.P.R. 384 (1978). The question has been answered in the affirmative by this court in *In re San Juan Dupont Plaza Hotel Fire Litigation,* 687 F.Supp. 716 (D.P.R.1988) (Acosta, J.). After explaining the rationale for the *plazo decenal, Dupont,* 687 F.Supp. at 728–29, the court went on to find that

> [t]he ten year period is also a *plazo de caducidad:* it is not a prescriptive period (a statute of limitations) which constitutes an affirmative defense, rather it is a jurisdictional period, that is, the claim does not exist in the eyes of the law once the ten years have passed. A court of law has no flexibility to hear such time-barred claims. [footnote omitted]. In fact this period is so strict that contracts shortening or lengthening the architect's liability period are unenforceable because they violate public policy. *Federal Ins. Co. v. Dresser Ind., Inc.,* 111 D.P.R. 96, 106–107 (1981).

*Dupont,* 687 F.Supp. at 729.

### III. Summary and Conclusion

Applying our analysis to the facts of this case, we find the following:

---

7. While we recognize that another judge of this district, in dicta, has stated the contrary proposition, *Pacheco v. National Western Life Ins. Co.,* 640 F.Supp. 900, 903 (D.P.R.1986) ("[P]rescription terms are tolled by both judicial and extrajudicial claims, whereas caducity terms are only and exclusively tolled by judicial claims"), we think that the weight of Puerto Rico authority falls on the side of not allowing *any prior action* to toll a period of *caducidad.*

1. The *plazo decenal*, Article 1483, is the appropriate statute to measure the period of limitations for plaintiffs' claims.

2. The *plazo decenal* is a period of *caducidad* which admits of no tolling or interruption.

3. Plaintiffs filed their diversity suit more than ten years after the condominium was completed.

4. Therefore, plaintiff's diversity action is time-barred, even though they timely filed and have pending similar litigation before the Superior Court of Puerto Rico.

5. We therefore DISMISS the action without ruling on the merits of plaintiffs' claims nor do we decide other jurisdictional defenses raised by defendant.

IT IS SO ORDERED.