USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1886 FRANK X. LOSACCO, Plaintiff, Appellant, v. F.D. RICH CONSTRUCTION CO., INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ _____________________ Paul F. Kelly, with whom Shelley B. Kroll, and Segal, _______________ _________________ ______ Roitman & Coleman, were on brief for appellant. _________________ Lewis G. Schwartz, with whom Gary S. Klein, and Schatz & _________________ _____________ _________ Schatz, Ribicoff & Kotkin, were on brief for appellee. _________________________ ____________________ May 10, 1993 ____________________ TORRUELLA, Circuit Judge. At trial, appellant claimed _____________ that appellee ended his employment improperly. The jury determined that appellant was terminated for just cause and therefore found no violation of his employment contract. Appellant now claims that the district court gave the jury an erroneous instruction as to "just cause" and wrongly excluded admissible relevant evidence at trial. Appellant thus asks this court to vacate the judgment and order a retrial. Because we find no error in the district court's instructions or evidentiary rulings, we do not grant appellant his requests. THE FACTS THE FACTS _________ Appellant is a structural engineer with an expertise in pre-cast concrete construction. He worked as a consultant on matters involving pre-cast concrete at appellee's Stamford, Connecticut headquarters. Appellee soon determined that it would be more profitable to make pre-cast products instead of buying them from outside vendors. The company thus set up a factory for this purpose in Pittsfield, Massachusetts and hired appellant to manage it. The details of the employment contract are in sharp dispute. Appellant contends that he agreed to manage the Pittsfield facility for a minimum of three years, in exchange for salary and benefits including housing in Pittsfield for the three year term. Appellee, on the other hand, contends that appellant was an at-will employee, as were all other employees of the company. In any event, appellant began work in Pittsfield in -2- August, 1987. In October 1987, the company's senior managers visited the plant, announced its immediate closure, and terminated all employees, including appellant. Appellant claims that appellee closed the plant to thwart union activity. Appellee, however, contends that it decided to close the plant because the sharp downturn in the Northeast real estate market affected its construction projects. Appellee also claimed that appellant's performance was inadequate. Appellant sued, claiming that appellee was bound by contract to employ him for three years. Appellee responded that no contract was formed, but that even if one existed, the termination was for "just cause" and therefore proper under Massachusetts law. During the trial, appellant attempted to cross-examine a former supervisor about testimony at a National Labor Relations Board hearing to the effect that there was plenty of work at the plant. The hearing occurred shortly before the plant's closing. The district court judge disallowed this questioning, finding it beyond the scope of direct examination, and more prejudicial than probative. At the close of evidence, the district court instructed the jury that if a contract existed, termination for "just cause" would be proper. The district court judge defined "just cause" as 1) poor performance by appellant on the job or 2) a good faith determination that the economic needs of the business required appellant's discharge. During deliberations, the jury asked the -3- judge to repeat its definition of "just cause." The jury finally found that a contract for fixed-term employment existed between the parties, but that "just cause" allowed appellee to fire appellant. This appeal followed in which appellant seeks a retrial on only the breach of contract claims. DISCUSSION DISCUSSION __________ Appellant urges two errors in the jury instruction. First, he contends that the instruction does not reflect the law in Massachusetts as to the definition of just cause. Second, he claims that the instruction improperly invaded the province of the jury, by settling a question of fact, in violation of Massachusetts law. As appellant claims that the jury instruction incorrectly stated Massachusetts contract law, we review it de __ novo. Salve Regina College v. Russell, 111 S. Ct. 1217 (1991) ____ _____________________ _______ (mandating de novo review of a district court's state law _______ determinations). The suspect instruction reads as follows: An employer has just cause to discharge an employee if, one, there is a reasonable basis for employer dissatisfaction with an employee, for reasons such as lack of capacity or diligence, failure to conform to usual standards of conduct, or other culpable or inappropriate behavior. Or two, the discharge is reasonably related, in the employer's honest judgment, to the economic needs of his business. The district court derived this instruction almost verbatim from a duo of Massachusetts cases, Goldhor v. Hampshire College, 521 _______ __________________ N.E.2d 1381, 1385 (Mass. App. Ct. 1988), and Klein v. President _____ _________ -4- and Fellows of Harvard College, 517 N.E.2d 167, 169 (Mass. App. _______________________________ Ct. 1987). Although those cases stated the entire just cause definition, they focussed on the first prong, holding that the employee either did or did not meet the performance standard. Because the holdings did not invoke the second prong of the definition, appellant argues that the economic needs standard is not a part of Massachusetts law but rather dicta by intermediate state courts. As such, it cannot support a jury instruction. We disagree. When the highest state court has not issued a definitive ruling on the precise issue at hand, the federal courts may refer to analogous decisions, considered dicta, scholarly works, or other reliable sources to ascertain how the highest court would rule. Redgrave v. Boston Symphony ________ _______________ Orchestra, Inc., 855 F.2d 888, 903 (1st Cir. 1988) (en banc), _______________ cert. denied, 488 U.S. 1043 (1989). The decisions of _____________ intermediate state appellate courts are trustworthy data for ascertaining state law. CPC International, Inc. v. Northbrook _______________________ __________ Excess & Surplus Insurance Co., 962 F.2d 77, 91 (1st Cir. 1992). ______________________________ The Massachusetts Supreme Judicial Court has not answered the precise issue at hand -- whether an employer may terminate a fixed-term employee due to economic considerations. The plaintiffs in Goldhor and Klein were fixed-term employees and _______ _____ therefore similarly situated to appellant. As such, the considered dicta in those cases concerning terminations due to economic necessity represents a reliable statement of the law in Massachusetts. The district court did not err in relying on it. -5- There is no indication that the highest court of Massachusetts would define just cause any differently. To the contrary, we note that Massachusetts courts have defined just cause, or similar language, in a virtually identical manner in other contexts. Goldhor and Klein derived the _______ _____ definition of just cause from G & M Employment Service, Inc. v. _______________________________ Commonwealth, 265 N.E.2d 476 (Mass. 1970). In that case, the ____________ highest court in Massachusetts defined just cause for the purposes of a statute regulating private employment agencies. The court's definition in that case was the direct precursor to the definition used in Goldhor and Klein. Other Massachusetts _______ _____ cases validating premature terminations due to economic need include Amoco Oil Co. v. Dickson, 389 N.E.2d 406 (Mass. 1979) ______________ _______ (franchise agreement) and Karcz v. Luther Manufacturing Co., 155 _____ ________________________ N.E.2d 441 (Mass. 1959) (collective bargaining agreement). See ___ also Foreign Motors, Inc. v. Audi of America, Inc., 755 F. Supp. ____ ____________________ ______________________ 30 (D. Mass. 1991) (franchise agreement). Appellant has directed us to, and we have found, no cases involving just cause which prohibit economically-motivated terminations. Given the weight of authority, we believe that the jury instruction, taken from Goldhor and Klein, correctly set forth Massachusetts law. _______ _____ Appellant's second attack on that instruction claimed that the instruction improperly invaded the province of the jury. Consistent with the law on economically-based discharges, however, the jury could decide whether appellee made an honest business judgment to close the plant. Appellant cannot contend -6- that the parties contemplated just cause to have a different meaning in this context because there was no evidence indicating the existence of such an alternate meaning. The court thus properly relied on the implied Massachusetts definition. We decline appellant's invitation to remand the case for retrial or to certify the state law question due to the jury instruction. We turn now to appellant's arguments concerning the exclusion of certain evidence. Appellant sought to cross-examine a witness to show that there was plenty of work at the plant shortly before its closing. Appellant hoped that an officer of appellee would relate testimony from an NLRB hearing to this effect. To elicit this testimony, appellant asked "[i]t was a matter of some concern to you that the employees were going to organize, wasn't it?" Appellee promptly objected to the relevance of the question, and the judge held a bench conference. Appellant there indicated that he wished to elicit the testimony concerning the amount of work at the plant. The district court excluded the testimony because the supervisor did not testify on direct as to the motivation behind the plant closing or the economic woes troubling the company. We review a district court's evidentiary rulings only for abuse of discretion, e.g., Willhauck v. Halpin, 953 F.2d 689, ____ _________ ______ 717 (1st Cir. 1991), and the district court did not commit such abuse in this instance. The new line of questioning sought to establish that the plant was not closed for honest business reasons. The witness, however, did not testify as to the -7- motivation for the company's action on direct examination. The district court therefore properly refused to entertain the new line of questioning pursuant to Fed. R. Evid. 611(b). Of course, trial judges, within their discretion, may disregard Rule 611(b). Fed. R. Evid. 611(b). We cannot say, however, that the district court's decision to follow the rule constitutes an abuse of discretion. The district court reasonably believed that the question threatened prejudice in that it would ascribe an unfair anti-union animus to appellee. Even if appellant sought to show that the plant closing was motivated by such animus, this single question supported by minimal explanation or proffer cannot overcome Rule 611(b). Appellant should have presented a more coherent rationale for pursuing the questioning, or revived the questioning when a witness testified as to such motivation. Because we have found no cause to remand the case for a new trial, we need not address whether that trial should be limited to the breach of contract issues or should encompass all issues in the case. Affirmed. ________ -8-