RICHMOND STEEL, INC., Plaintiff,

v.

LEGAL AND GENERAL ASSURANCE SOCIETY, LTD., et al., Defendants.

Civ. No. 90–2334 HL.

United States District Court, D. Puerto Rico.

June 14, 1993.

See also 821 F.Supp. 793.

444

Charles A. Cordero, Cordero, Miranda & Pinto, San Juan, PR, for Richmond Steel, Inc.

Luis M. Angelet–Frau, Vazquez, Vizcarrondo & Angelet, San Juan, PR, for Legal & Gen. Assur. Soc. Ltd.

Romano A. Zampierollo–Rheinfel, Rio Piedras, PR, Jorge Marrero–Narvaez, Autoridad Acueductos & Alcantarillados, Santurce, PR, for Puerto Rico Water and Sewer Authority.

Jose M. Biaggi–Junquera, Biaggi & Landron, Mayaguez, PR, for Constructora Lluch S.E. and Ins. Co. of North America.

Richard A. Lee, Richard Lee Law Office, San Juan, PR, for defendants Lebrón Associates, Felipe Lebrón P.E., Rene Purcell, Hector Zavala, Pedro A. Marrero, Eduardo Rodriguez and Felipe Lebrón.

Jeanette M. Lopez, Urb. Ramirez, for Seaboard Sur. Co.

Amancio Arias–Guardiola, Hato Rey, PR, for cross-defendant Royal Ins. Co. Puerto Rico.

Charles DeMier–LeBlanc, De Corral & De Mier, Hato Rey, PR, for cross-defendant Nat. Union Fire Ins. Co.

Enrique Peral–Soler, Munoz, Boneta, Gonzalez, Arbona, Benitez & Peral, Hato Rey, PR, for cross-defendant Valentin Eng. Valentin Beato.

Jose E. Otero–Matos, Irizarri & Otero, San Juan, PR, for CNA Cas. of PR.

Cristobal Colon, San Juan, PR, for Carlos Ortiz.

Jaime E. Sifre–Rodriguez, San Juan, PR, for Jose C. Agrelot.

## OPINION AND ORDER

LAFFITTE, District Judge.

Pending before the Court is the issue of how and in what order the legal theories presented in this case will be tried. This

case[1] arises out of the construction of a project known as the "Mayaguez Composting Facility." In 1987 the Puerto Rico Aqueduct and Sewer Authority ("PRASA") contracted the engineering and architecture firm of Lebrón Associates ("Lebrón") to design the facility. PRASA also contracted Constructora Lluch, S.E., ("Lluch") in May 1988 to build the facility. In October 1988, Lluch subcontracted Plaintiff Richmond Steel, Inc. ("RSI") to manufacture and install the steel components of the facility. In October 1989, before RSI completed its work, a portion of the steel structure collapsed. RSI brought this claim for declaratory relief and monetary damages. As is common in multi-party construction cases, a flurry of counterclaims, cross-claims, and third-party claims followed. Each party alleges that the others are responsible for the collapse.

The trial is scheduled for June 21, 1993. The majority of the claims in this case are based on allegations of negligence. However, in its amended cross-claim[2], PRASA has brought an action under Article 1483 of the Puerto Rico Civil Code. Following further reflection on the history, purpose, and case law anent this article, the Court *sua sponte*[3] dismisses PRASA's claims brought under it. However, the Court will allow PRASA to proceed with its claims based in a theory of negligence.

## DISCUSSION

■ The article under which PRASA brings its claims reads as follows:

**Liability of contractor and architect for collapse of building**

The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten (10) years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.

If the cause should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen (15) years.

P.R.Laws Ann. tit. 31, § 4124 (1991). This article, known in Spanish as the *plazo decenal*,[4] has its origins in Roman law. *Federal Ins. Co. v. Dresser Ind., Inc.,* 111 D.P.R. 96, 101 n. 1, 11 Official translations 125, 132 n. 1 (1981); *Géigel v. Mariani,* 85 P.R.R. 43, 45 (1962). Such a provision is found in many civil code jurisdictions. *See generally Rivera v. Las Vegas Dev. Co.,* 107 D.P.R. 384, 388–89, 7 Official translations 425, 429–31 (1978); *Géigel,* 85 P.R.R. at 45. The *plazo decenal* provides a jurisdictional period after which a claim may no longer be brought. *Oliveras–Salas v. Puerto Rico Highway Auth.,* 884 F.2d 1532, 1534 (1st Cir.1989); *Martinez v. Calzadilla,* 756 F.Supp. 78, 80–82 (D.P.R. 1991).

■ Moreover, article 1483 is both a source of specific liability and a time limitation on that liability. *In re San Juan DuPont Plaza Hotel Fire Litigation,* 687 F.Supp. 716, 728 (D.P.R.1988). It serves to protect the owner of a building from, and make the contractor or architect liable for, *hidden defects* that the building may have at the time of delivery. *Constructora Bauzá, Inc. v. Garcia López,* 91 JTS 99, 9077 (1991); *González v. Agostini,* 79 P.R.R. 481, 490–92 (1956); *Felix Davis v. Vieques Air Link,* 892 F.2d 1122, 1127–28 (1st Cir.1990). Under article 1483, the owner has ten years from the date of delivery of the construction to bring an action against the contractor or architect. *Bartolomei v. Superior Court,* 98 P.R.R. 484, 486 (1970); II–II José Puig Brutau,[5] *Fundamentos de Derecho Civil,* at 454

---

1. Other issues arising out of this case are discussed at 821 F.Supp. 793 (D.P.R.1993) and 799 F.Supp. 234 (1992).

2. Docket No. 185.

3. While none of the parties have specifically moved for the dismissal of this claim, some of them have submitted memoranda of law on the

issue discussed in this opinion and order. *See* Docket nos. 154, 230.

4. Ten-year period.

5. Spanish Civil Code article 1591, discussed by Puig Brutau and the other Spanish commentators, is a word-for-word equivalent of Puerto Rico Civil Code article 1483.

(2d rev. ed. 1982). The reasoning behind article 1483 is that there may be undiscoverable hidden defects in a building when the owner receives it. It is only with the passage of time that these defects will become apparent. The owner's acceptance of the building should not constitute a waiver of subsequent claims he may have against the party responsible for these defects. *González*, 79 P.R.R. at 489; José Ramón Velez Torres, *Los Contratos*, at 434–36 (1985); 10–II José Maria Manresa, *Codigo Civil Español*, at 709 (6th rev. ed. 1969); 24–II Q.M. Scaevola, *Codigo Civil*, at 95 (2d rev. ed. 1951); 2–II Marcel Planiol,[6] *Treatise on the Civil Law*, at 147 (Louisiana State Law Institute trans., 11th ed. 1939).

■ The language of article 1483 indicates that PRASA can not bring a claim under it. The article's ten-year period is counted from "the completion of the construction." In the case before the Court, the structure was never completed; the collapse occurred during the construction. Thus, the ten-year jurisdictional period has not begun. The purpose of article 1483 also indicates that it is inapplicable to the facts of this case. The article is intended to protect an owner from *hidden* defects that emerge *after* the work has been *delivered* to him. *González*, 79 P.R.R. at 490–92; *Vieques Air Link*, 892 F.2d at 1127–28. The defect here—the collapsed structure—was not hidden, it was readily apparent. Moreover, a completed composting structure was never delivered to PRASA. Article 1483 does not apply in the case of a building that has collapsed before it has been completed and delivered. *See Brasher v. City of Alexandria*, 215 La. 887, 931–32, 41 So.2d 819, 834 (1949) (The equivalent article in the Louisiana Civil Code is not applicable where there has not been a completion by the builder or formal acceptance by the owner.). The Court finds persuasive the Louisiana Supreme Court's ruling in *Brasher* on the Louisiana Civil Code.[7] Accordingly, the Court holds that PRASA does not have a cause of action under article 1483 for the collapsed structure in this case.

■ The Puerto Rico Supreme Court has not addressed the issue of whether a claim under article 1483 may be brought by an owner before completion or acceptance of a construction. Based on the language and purpose of article 1483, discussed in the above-cited treatises and cases, it is reasonable to conclude that the Puerto Rico Supreme Court would hold that such a claim may not be brought.[8] Moreover, a survey of the facts in cases where the Puerto Rico Supreme Court considered the article supports the conclusion that PRASA does not have a claim under it. In these cases there has been a delivery of the work and a defect that arose subsequent to the delivery. *See, e.g., Roselló Cruz v. Garcia*, 116 D.P.R. 511, 512–13, 16 Official translations 626, 629 (1985); *Interstate Gen. Corp. v. Soto*, 113 D.P.R. 298, 299, 13 Official translations 389, 391 (1982); *Fantauzzi v. Pleasant Homes, Inc.*, 113 D.P.R. 132, 133, 13 Official translations 173, 174 (1982); *Carreras v. González Santos*, 111 D.P.R. 819, 820–21, 11 Official translations 1037, 1039–40 (1981); *Acevedo Hernández v. Viñas Sorbá*, 111 D.P.R. 633, 635, 11 Official translations 797, 800 (1981); *Maldonado Pérez v. Las Vegas Dev.*, 111 D.P.R. 573, 573–74, 11 Official translations 716, 717 (1981); *Dresser*, 111 D.P.R. at 99, 11 Official translations at 129; *Rivera*, 107 D.P.R. at 384–85, 7 Official translations at 425; *De Jesús v. Ponce Housing Corp.*, 104 D.P.R. 885, 886, 4 Official translations 1241, 1243 (1976); *Pereira v. I.B.E.C.*, 95 P.R.R. 28, 34–35 (1967). The Court has found no case where an action was brought under article 1483 for defects that had arisen before

---

6. Planiol discusses articles 1792 and 2270, the French Civil Code versions of article 1483.

7. Because of the shared origins of the Louisiana and Puerto Rico Civil Codes, recourse to treatises and case law on the former can be helpful in addressing unresolved issues arising under the latter. *See, e.g., F.D.I.C. v. Consolidated Mortg. and Finance Corp.*, 691 F.Supp. 557, 565 n. 7 (D.P.R.1988).

8. When a state supreme court has not made a definitive ruling on a specific point of law, a federal court "may refer to analogous decisions, considered dicta, scholarly works, or other reliable sources to ascertain how the highest court would rule." *Losacco v. F.D. Rich Construction Co.*, 992 F.2d 382, 384 (1st Cir.1993).

the completion of the work and before the owner's acceptance of it.[9]

■ While PRASA may not bring an action here under article 1483, it is not without a remedy. PRASA's amended cross-claim alleges negligence on the part of the other parties involved in the construction of the structure. Therefore, the Court will treat its claim as one based in a theory of negligence. In a claim under article 1483, there is a rebuttable presumption of fault on the part of the builder or the architect. *Viñas Sorbá*, 111 D.P.R. at 638, 11 Official translations at 804. The owner need only show that the ruin was caused by defects in the construction or in the ground. *Corp. Presiding Bishop CJC v. Purcell*, 117 D.P.R. 714, 723–24, 17 Official translations 854, 865 (1986). The contractor or architect then has the burden to show by a preponderance of the evidence that the ruin was caused not by his work but by an unforeseeable and unpreventable force majeure. *Roselló Cruz*, 116 D.P.R. at 519, 16 Official translations at 637. However, PRASA will not be the beneficiary of these presumptions. Rather, it, like the other claimants in this case, will have the burden of showing by a preponderance of the evidence that the other parties were negligent in their work on the structure. ·

**IT IS SO ORDERED.**

---

9. In *Bauzá*, 91 JTS 99, the owner brought a 1483 claim against a construction company for what he alleged was an unfinished and defective house. *Id.* at 9075. The court ruled, however, that the construction company had substantially finished the house and the owner had accepted it. *Id.* at 9080. Because any alleged defects were apparent at the time of acceptance, the construction company was not liable. *Id.* In *The Powerlite of P.R. v. C.R.U.V.*, 115 D.P.R. 654, 15 Official translations 857 (1984), the contractor never completed the installation of power lines for which he had been contracted. *Id.* at 655–56, 15 Official translations at 858–59. Although the court did refer to the standards of article 1483, this was not an action under that article. *Id.* at 656–57, 15 Official translations at 860.