KIEWIT CONSTRUCTION COMPANY, Guy F. Atkinson Construction Company, and Kenny Construction operating as Kiewit–Atkinson–Kenny, a Joint Venture, Plaintiffs,

v.

WESTCHESTER FIRE INSURANCE COMPANY, Defendant,

SAC's CONSTRUCTION COMPANY, INC., Plaintiff,

v.

KIEWIT CONSTRUCTION COMPANY, Guy F. Atkinson Construction Company, and Kenny Construction operating as Kiewit–Atkinson–Kenny, a Joint Venture, and Aetna Casualty & Surety, Co., Defendants.

Civ. A. Nos. 91–13229–REK, 92–10900–REK, 92–10773–REK.

United States District Court, D. Massachusetts.

Feb. 22, 1995.

Ellen Donovan McCann, Sidney J. Wartel, Davis, Malm & D'Agostine, P.C., Boston, MA, for Kiewit Const. Co., Guy F. Atkinson Const. Co., Kenny Const. Co.

Walter B. Prince, Peckham, Lobel, Casey, Prince & Tye, Mark B. Schmidt, Schmidt & Moore, Boston, MA, Kathleen M. Moore, Beverly, MA, for Sac's Const.

Alexander H. Pratt, Jr., Peabody & Arnold, Kevin J. O'Malley, Wynn & Wynn, Boston, MA, Thomas J. Wynn, Wynn & Wynn, Raynham, MA, Steven J. Drew, Law Offices of Steven Drew, Boston, MA, for Westchester Fire Ins. Co.

Sidney J. Wartel, Ellen D. McCann, Davis, Malm & D'Agostine, P.C., Boston, MA, for Aetna Cas. & Sur. Co.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Before the court is Defendant Westchester Fire Insurance Company's Motion to Dismiss Counts III and IV of the Plaintiffs' Second Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted (Docket No. 70, filed March 29, 1994), with supporting memorandum (Docket No. 71), and plaintiffs' opposition thereto (Docket No. 77, filed April 12, 1994).

Also before the court is United States Magistrate Judge Karol's Report and Recommendation regarding the motion. Magistrate Judge Karol recommends that this court grant the motion with regard to Count III and deny the motion with regard to Count IV.

### I

Defendant Westchester Fire Insurance Company ("Westchester") provided performance and payment bond contracts to Sac's Construction Company, Inc. ("Sac's"), a subcontractor for the joint venture known as Kiewit–Atkinson–Kenny ("KAK"). KAK alleges that Sacs defaulted on its contractual obligations, resulting in KAK's termination of Sac's subcontract and takeover of Sac's performance of its contractual obligations. In the case at issue in this motion, KAK further alleges that Westchester defaulted on its obligations to KAK under the performance and payment bonds that Westchester issued to Sac's.

In Count III, KAK contends that Westchester's activities violated Section 11 of 93A because they constitute unfair claims settlement practices of the type proscribed by M.G.L. c. 176D.

In Count IV, KAK contends that those same activities also constitute unfair trade practices that violate Sections 2 and 11 of 93A.

### II

Westchester has moved to dismiss Counts III and IV under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. It argues as to both counts that even if the conduct in question constitutes a violation of 176D, KAK is not entitled under that statute and 93A to a remedy for such violation because it is a person engaged in trade or commerce rather than a consumer.

### III

I conclude, for the reasons expressed in the thorough and excellently reasoned report of the Magistrate Judge, that under the law of Massachusetts, as expressed in the relevant statutes and decisions of its courts,

KAK may not bring an action under Section 11 of 93A based on an allegation that conduct of Westchester violated 176D.

I also conclude, for the reasons expressed in the Magistrate Judge's report, that KAK is entitled to bring a claim based on the same purported conduct under Section 11 of 93A for unfair and deceptive practices, without regard to 176D.

## ORDER

· For the foregoing reasons, it is hereby ORDERED:

Defendant's Motion to Dismiss for Failure to State a Claim is allowed as to Count III and denied as to Count IV.

A status and scheduling conference is set for Thursday, March 9, 1995 at 2:30 p.m.

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS COUNTS III AND IV OF THE PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (DOCKET NO. 70)

KAROL, United States Magistrate Judge.

Defendant has moved to dismiss Counts III and IV of plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted. It is recommended that the motion be granted with regard to Count III and denied with regard to Count IV.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For purposes of defendant's Fed.R.Civ.P. 12(b)(6) motion, we take all of plaintiffs' well-pleaded factual allegations to be true and draw all inferences in favor of plaintiff. *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993); *Massachusetts Candy & Tobacco Distribs., Inc. v. Golden Distribs., Ltd.*, 852 F.Supp. 63, 67 (D.Mass.1994).

Plaintiffs, Kiewit Construction Company, Guy F. Atkinson Construction Company, and Kenny Construction Company, are operating, for the purpose of this action, as a joint venture known as Kiewit–Atkinson–Kenny ("KAK"). KAK is the general contractor for the Massachusetts Water Resources Authority in connection with the project known as the Harbor Clean-up Project on Deer Island. KAK in turn engaged Sac's Construction Company, Inc. ("Sacs") as one of its subcontractors. Pursuant to the subcontract between KAK and Sacs, Sacs was required to furnish a payment and performance bond in an amount equal to the contract price. Defendant, Westchester Fire Insurance Company ("Westchester"), provided performance and payment bond contracts to Sacs wherein Westchester agreed to act as surety for Sacs' work under the terms of Sacs' subcontract with KAK. The contracts bind Westchester to KAK and to Sacs' suppliers and lower-tier subcontractors.

KAK alleges that Sacs defaulted on its contractual obligations, with the result that KAK terminated Sacs' subcontract and completed performance of Sacs' contractual obligations. More important for purposes of the instant motion is KAK's contention that Westchester defaulted on its obligations to KAK under the performance and payment bonds that Westchester had issued to Sacs. Counts III and IV of KAK's Second Amended Complaint allege that Westchester's defaults give rise to two separate violations of M.G.L. c. 93A ("93A").

In Count III KAK contends that Westchester's activities violated Section 11 of 93A because they constitute unfair claims settlement practices of the type proscribed by M.G.L. c. 176D ("176D"). In Count IV Westchester contends that those same activities also constitute unfair trade practices which, independent of 176D, violate Sections 2 and 11 of 93A.

Westchester has moved to dismiss Counts III and IV of KAK's Second Amended Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. It argues as to both counts, without distinction, that if the conduct in question would, if proved, constitute a violation of 176D, only consumer plaintiffs may challenge it. In other words, it argues, in effect, that 176D creates a sort of "safe harbor," in that it provides absolute immunity to

insurance companies from suit brought under Section 11 of 93A by plaintiffs engaged in commerce, as long as the challenged conduct is of a type proscribed by 176D. For reasons set forth below, it is recommended that Westchester's motion be allowed as to Count III but denied as to Count IV.

## II. DISCUSSION

■ A person who, like KAK, is engaged in the conduct of trade or commerce might conceivably attempt to frame at least three types of claims under 93A against an insurance company that has allegedly used unfair claims settlement practices. First, the person might attempt to proceed under Section 9 of 93A, which, on its face, affords a remedy to "any person whose rights are affected by another person violating the provisions of clause (9) of section three of [176D]." Second, such person might attempt to proceed under Section 11 of 93A based on a theory that 93A in effect incorporates 176D, with the result that any practice which violates 176D constitutes a *per se* violation of Section 2 of 93A. Third, the person might argue, without any reference to or assistance from 176D, that the insurance company's practices violate Section 2, and, therefore, Section 11 of 93A because, under traditional 93A analysis, they are unfair or deceptive.

Of these three possible approaches, KAK pursued only the latter two. Specifically, it did not attempt to proceed under Section 9 of 93A. Had it done so, it would have been required to send a so-called demand letter, which it did not do. *See* M.G.L. c. 93A, § 9(2). In all likelihood, Westchester would then have moved to dismiss on the ground that, despite the literal language of Section 9, only individual consumers, not persons engaged in trade or commerce, may sue under Section 9 for unfair claims settlement practices which violate 176D. The Massachusetts Supreme Judicial Court ("SJC") has twice referenced but then found it unnecessary to decide the question of whether a person engaged in trade or commerce might proceed against an insurance company under Section 9 for violations of 176D. *See Boston Symphony Orchestra v. Commercial Union Ins. Co.*, 406 Mass. 7, 545 N.E.2d 1156, 1160 n. 5 (1989); *City of Boston v. Aetna Life Ins. Co.*,

399 Mass. 569, 506 N.E.2d 106, 109 (1987). Here, too, since no demand letter was sent, there is no need to decide whether, as a matter of law, KAK might have proceeded under Section 9.

Focusing, then, on the two claims which KAK has purported to state under Section 11 of 93A, it is clear under existing case law that Count IV states a claim upon which relief can be granted, but Count III does not.

As noted, KAK asserts in Count III that 93A in effect incorporates 176D, with the result that any violation of the 176D is actionable under Section 11 of 93A. KAK acknowledges in its memorandum (Docket No. 77), at 6, that the Massachusetts Appeals Court, in *Transamerica Ins. Group v. Turner Constr. Co.*, 33 Mass.App.Ct. 446, 601 N.E.2d 473, 477 (1992), expressly rejected the theory that every violation of 176D constitutes, in effect, a *per se* violation of 93A which may be asserted by a commercial plaintiff under Section 11. It nevertheless argues, based primarily on the basis of other state and federal district court decisions, none of which directly addressed the issue, that "the decision in the *Transamerica* case was not in conformity with the state of the law in the Commonwealth of Massachusetts." KAK's Mem. at 7–8. While much could be said about the extent to which a federal court is bound under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to follow decisions of a state's intermediate appellate court, *see, e.g., Losacco v. F.D. Rich Constr. Co.*, 992 F.2d 382, 384 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 324, 126 L.Ed.2d 270 (1993); *CPC Int'l v. Northbrook Excess and Surplus Ins. Co.*, 962 F.2d 77, 91 (1st Cir.1992); 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4507 at 94–95 (1982), the short, simple, and dispositive response is that the SJC itself, on at least two occasions, has also rejected the theory that commercial plaintiffs may bring suit under Section 11 of 93A for purported violations of 176D. Thus, in *Polaroid Corp. v. Travelers Indemnity Co.*, 414 Mass. 747, 610 N.E.2d 912, 917 (1993), the SJC stated unequivocally that a claim by a commercial

plaintiff for an insurer's violation of 176D will not lie under Section 11:

> Polaroid's claim that G.L. c. 93A, § 11, was violated by its primary insurers' violations of certain provisions of G.L. c. 176D, § 3, cl. 9, is of significance only to the extent that the alleged wrongful conduct was a violation of G.L. c. 93A, § 2 ("unfair or deceptive acts or practices"). A consumer asserting a claim under G.L. c. 93A, § 9, may recover for violations of G.L. c. 176D, § 3, cl. 9, without regard to whether the violation was unlawful under G.L. c. 93A, § 2, because of the explicit statement to that effect in § 9. Polaroid, however, asserts rights under G.L. c. 93A, § 11, as one engaged in trade or commerce, and § 11 does not grant an independent right to recover for violations of G.L. c. 176D, § 3, cl. 9. *See Jet Line Servs., Inc. v. American Employers Ins. Co.,* 404 Mass. 706, 717 n. 11, 537 N.E.2d 107 (1989).

In *Jet Line,* the SJC had stated with equal clarity, in the cited footnote, that "§ 11 [of 93A] does not incorporate violations of G.L. c. 176D, § 3(9) (1986 ed.), within its prohibitions as does G.L. c. 93A, § 9." Thus, on the clear authority of *Polaroid* and *Jet Line,* Count III of KAK's Second Amended Complaint should be dismissed for failure to state a claim on which relief may be granted.

■ To say, however, that Section 11 of 93A does not incorporate 176D is not to say that *conduct* that happens to violate 176D may never be "unfair or deceptive" within the meaning of Section 2 of 93A, and, thus, actionable under Section 11. This is the very point made by the SJC in *Polaroid, supra,* where the court pointedly stated that Polaroid's Section 11 claim was "of significance only to the extent that the alleged wrongful conduct was a violation of G.L. c. 93A, § 2."

The principle that 176D does not immunize from attack under 93A the practices which 176D declares unlawful was first established in *Dodd v. Commercial Union Ins. Co.,* 373 Mass. 72, 365 N.E.2d 802, 805–06 (1977). In *Dodd,* the SJC considered the concurrent application of 93A and 176D to the same allegedly unfair practices and expressly rejected the argument that 176D preempts 93A. Thus, the SJC held that "c. 93A,

§ 2(a), covers insurance practices in its prohibition of unfair or deceptive acts or practices in any trade or commerce." *Id.* 365 N.E.2d at 805. Significantly for present purposes, the SJC drew no distinction in *Dodd* between suits brought under Section 9 and Section 11. While it might be argued that *Dodd* is not dispositive because it was decided before Section 9 (but not Section 11) was amended specifically to incorporate 176D, such argument would be without merit. There is no evidence that the Massachusetts legislature, by amending Section 9 specifically to incorporate 176D, intended to overrule the broad holding in *Dodd* that Section 2 of 93A "covers insurance practices." Since Section 11 permits commercial plaintiffs to sue for injury resulting from violations of Section 2, it follows that plaintiffs such as KAK may assert claims against their insurers under Section 11. Indeed, both *Jet Line,* 537 N.E.2d 107 (Mass.1989), and *Polaroid,* 610 N.E.2d 912 (Mass.1993), were decided after 93A was amended in 1979, and, in both those Section 11 cases, the SJC upheld the application of Section 2 to practices by insurance companies that were alleged to be unfair and deceptive. There is thus no merit to Westchester's position that a commercial plaintiff may not bring suit against an insurance company under Sections 2 and 11 of 93A for engaging in conduct that also happens to violate 176D. Westchester's motion to dismiss Count IV of KAK's Second Amended Complaint should therefore be denied.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, it is recommended that Westchester's motion to dismiss be ALLOWED as to Count III and DENIED as to Count IV of KAK's Second Amended Complaint.

### IV. IMPORTANT NOTICE OF RIGHT TO OBJECT AND WAIVER OF RIGHT TO APPEAL FOR FAILURE TO DO SO WITHIN TEN DAYS

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these

proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. *See United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).