Joseph BONILLA, et al., Plaintiffs,

v.

PUERTO RICO HIGHWAY
AUTHORITY, et al.,
Defendants

No. CIV. 04–1599JP.

United States District Court,
D. Puerto Rico.

April 19, 2005.

Jorge M. Izquierdo–San Miguel, Esq., Roberto Márquez–Sánchez, Esq., San Juan, for Plaintiff.

Juan J. Vilella–Janeiro, Esq., Vilella Janeiro Law Office, Guaynabo, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court is Defendants' "Motion for Summary Judgment" (docket No. 37); Plaintiffs' opposition thereto (docket No. 41) and Memorandum of Law in Support thereof (docket No. 42).

Plaintiffs in this case are Joseph Bonilla, Rosa María Laboy González, María López Laboy, Reynaldo López Laboy, Eduardo López Laboy, Eduardo López Bonilla, and María Godinoaux, all relatives of Gerardino Bonilla, who died in an automobile accident on April 20, 2004. Plaintiff Héctor Figueroa, although not a relative, was in the vehicle at the time of the accident. All Plaintiffs are residents of places other than the Commonwealth of Puerto Rico.

Defendants are the Puerto Rico Highway Authority and its insurance Company, National Insurance Company. Plaintiffs allege that while driving from Ponce towards Adjuntas on Puerto Rico Highway Number 10 ("PR–10"), the same suddenly ended abruptly causing the vehicle to hit a dead end and overturn, thereby causing the death of Gerardino Bonilla and injuries to other passengers. Plaintiffs contend that the lack of adequate lighting, signage and defective plans and specifications in the design and construction all contributed to the accident.

Defendants now move for summary dismissal of Plaintiffs' claims, alleging a twofold defense: that they are not the owners of the highway that Plaintiffs were traveling on, and therefore, have no jurisdiction over it, and that Plaintiffs' claims regarding defects in design and construction are time-barred by Article 1483 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 4124, which allows for a ten (10) year statute of limitations for construction defects. For the following reasons, the Court hereby **DENIES** Defendants' motion on all grounds.

## II. FINDINGS OF FACT

After thoroughly evaluating the facts not in controversy presented by the parties and the record as a whole, the Court makes the following findings of fact:

1. The Puerto Rico Highway Authority ("PRHA") did not design Project AC–001026, Adjuntas bypass, TQ–F 10(1) which is part of PR–10.

2. PRHA did not construct Project AC–001026, Adjuntas bypass, TQ–F 10(1) which is part of PR–10.

3. In 1983 the Project AC–001026, Adjuntas bypass, TQ–F 10(1) which is part of PR–10 was completed and handed over by a private contractor, Las Piedras Construction.

4. The same was approved by Defendant PRHA.

5. Once complete, Defendant PRHA transferred the aforementioned project to the Puerto Rico Department of Transportation and Public Works for conservation and maintenance.

6. The term maintenance includes conservation and upkeep of the roadway, the asphalt, the green areas, the signs, the pavement and marking barriers.

7. The accident in the case at bar occurred at the Adjuntas Detour of State Road PR–10, which is the project known as Project AC–001026, Adjuntas Detour or bypass, TO–F 10(1).

8. Twenty-two (22) years have transpired since the project known as Project AC–001026, Adjuntas bypass, TQ–F 10(1) was handed over by the contractor.

9. Defendant PRHA is in charge of supervising the construction and the design of new highways in Puerto Rico.

10. Defendant PRHA is also in charge of reconstructing, widening and improving existing highways.

11. Defendant PRHA built the road in controversy, the Adjuntas bypass.

12. Defendant PRHA installs traffic signs such as speed limit signs, stop signs or other signs on the roadways according to the project design.

13. The land where the Adjuntas bypass was constructed was expropriated by Defendant PRHA through monies obtained by the income generated by Defendant PRHA.

14. The land purchased by Defendant PRHA included the land that is beyond the dead end, where one can see from an aerial picture the debris of cars ("vertedero").

15. The aforementioned lot of land is where the dirt berm is located.

16. The dirt berm was the point of impact of the accident.

17. Defendant PRHA contracted private parties to design the Adjuntas bypass as well as the construction of the Adjurtas bypass.

18. During the construction of the Adjuntas detour, Defendant PRHA assigned several employees to inspect, manage and supervise the project.

19. As part of its supervisory duties, Defendant PRHA had the obligation of ascertaining that the Adjuntas bypass did not have any visible deficiencies.

20. Defendant PRHA had to ascertain that the project was built according to the plans and specifications.

21. When the Adjuntas bypass opened, the site where the accident occurred had no lighting.

22. As of this day, the site where the accident occurred has no lighting.

23. When the Adjuntas bypass opened, the bypass had no dead end signs or reflective markers.

24. As of this day, the site where the accident occurred has no dead end signs.

25. At the time the accident occurred, the bypass had one 25 mile per hour speed sign, a yellow detour ("desvío") sign, three yellow left arrow signs and two white "solo" left arrow signs.

26. The Adjuntas bypass is part of an unfinished project, and the dead end is meant to eventually connect with the rest of PR–10 all the way to Utuado.

27. If a sign is damaged in an accident, the Department of Transportation and Public Works replaces it.

28. Defendant PRHA concluded that the project had no visible deficiencies and accepted the same.

## III. STANDARD

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, [in this case the plaintiff,] reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz*, 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Insurance Co. v. Benner*, 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989).

In a summary judgment motion, the movant [in this case Defendant], bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party [in this case Plaintiff] who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman*, 985 F.2d at 1116.

## IV. CONCLUSIONS OF LAW

### A. Ten Year Statute of Limitations

■ Defendants allege that the ten (10) year statute of limitations for construction defects (known in Spanish as the "plazo decenal") applies to the case at bar, and that therefore, since the road was finished over ten years ago, Plaintiffs' claim is time-barred. *See* 31 P.R. Laws Ann. § 4124. Plaintiffs, on the other hand, aver that the ten year statute of limitations does not apply to allegations of inadequate signage such as the ones they have raised. The Court agrees with Plaintiffs that the ten-year statute of limitations does not apply, but on different grounds than those advanced by Plaintiffs.

Article 1433 states that:

"The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten (10) years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.

If the cause should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen (15) years." 31 P.R. Laws Ann. § 4124.

In other words, according to the statute, the defect must have arisen within ten (10) years of completion of the structure. Defendants have presented case law in an attempt to prove their theory that the "plazo decenal" applies to this case. *See Oliveras–Salas v. Puerto Rico Highway Authority,* 884 F.2d 1532 (1st Cir.1989) (in which the statute was found to apply to a bridge that collapsed). This Court has previously held, however, and the statute clearly states, that the "plazo decenal" does not apply if the work in question has not been completed and/or has not yet been delivered to the purchaser or interested party (thereby implying that it has been completed).

"The Puerto Rico Supreme Court has not addressed the issue of whether a claim under article 1483 may be brought by an owner before completion or acceptance of a construction. Based on the language and purpose of article 1483, discussed in the above-cited treatises and cases, it is reasonable to conclude that the Puerto Rico Supreme Court would hold that such a claim may not be brought. Moreover, a survey of the facts in cases where the Puerto Rico Supreme Court considered the article supports the conclusion that PRASA does not have a claim under it. In these cases there has been a delivery of the work and a defect that arose subsequent to the delivery. *See e.g., Roselló Cruz v. García,* 116 D.P.R. 511, 512–13, 1985 WL 301221, 16 *Official translations* 626, 629 (P.R.1985); *Interstate Gen. Corp. v. Soto,* 113 D.P.R. 298, 299, 1982 WL 210565, 13 *Official translations* 389, 391 (P.R.1982); *Fantauzzi v. Pleasant Homes, Inc.,* 113 D.P.R. 132, 133, 1982 WL 210587, 13 *Official translations* 173, 174 (P.R.1982); *Carreras v. González Santos,* 111 D.P.R. 819, 820–21, 1981 WL 176545, 11 *Official translations* 1037, 1039–40 (P.R.1981); *Acevedo Hernández v. Viñas Sorbá,* 111 D.P.R. 633, 635, 1981 WL 176452, 11 *Official translations* 797, 800 (P.R.1981); *Maldonado Pérez v. Las Vegas Dev.,* 111 D.P.R. 573, 573–74, 1981 WL 176462, 11 *Official translations* 716, 717 (P.R.1981); *De Jesús v. Ponce Housing Corp.,* 104 D.P.R. 885, 886, 1976 WL 40142, 4 *Official translations* 1241, 1243 (P.R.1976); *Pereira v. I.B.E.C.,* 95 P.R.R. 28, 34–35, 1967 WL 17142 (P.R.1967)". *Richmond Steel, Inc. v. Legal and General Assur. Soc., Ltd.,* 825 F.Supp. 443, 446 (D.Puerto Rico 1993).

In fact, the *Richmond Steel* case specifically emphasized that the statute in question, Article 1483, specifically states that the "plazo decenal" only applies after "completion of the construction." *See* 31 P.R. Laws Ann. § 4124. The Court additionally notes that, contrary to Defendants' assertions in this case, no mention was made in the *Oliveras–Salas* case regarding lack of ownership of the highway bridge in question by the PRHA, the same Defendant, as has been made here.

There is evidence before the Court, mainly the deposition of José Hernández Borges, Assistant Executive Director for infrastructure of the PRHA, who testified that the PRHA not only acquired the property in question past the dead-end consisting of the debris (the "vertedero"), but that this particular area is going to extend all the way into Utuado and will continue under construction and eventually be a part of the PR–10 project. The Court therefore concludes that the project at issue is not yet concluded and consequently, that the ten-year statute of limitations for

construction defects has not yet commenced to run. Defendants' request for summary disposition of this case on these grounds is therefore **DENIED**.

### B. *Ownership*

■ Defendant PRHA's second claim is that it is not the owner of the road in question, since it transferred ownership of the same to the Department of Public Works after the contractor finished the job. Based on the facts before it, the Court finds that there are genuine issues of material fact regarding ownership of the road which prevent it from entering summary judgment in favor of Defendants.

The only evidence currently before the Court regarding the issue of transfer of ownership are memoranda that state that PRHA transferred the road at issue to the Department of Public Works for *conservation purposes.* As far as the Court can ascertain, beautification and conservation is not the same as ownership. No other documentary evidence regarding this issue is before the Court. The fact that a *general* statute delineates the duties of the Department of Public Works regarding roads in general does not automatically mean that all roads are owned by the Department of Public Works, as Defendants contend is the case in this instance. *See* 9 P.R. Laws Ann § 9. Defendants have therefore failed to demonstrate that they effectively transferred ownership of the road in question to the Department of Public Works and/or that they are no longer the owner of the road in question. Since there are issues of material fact regarding the proper owners of the road, the Court hereby **DENIES** Defendants' motion for summary judgment on those grounds.

### C. *Negligence Under Article 1802*

The Court addresses this last issue not because Defendants raised it in their brief, but because of its relevance to the case at bar. As is well known, Article 1802 of the Civil Code of Puerto Rico imposes liability on any person or entity who by an act or omission causes damages to another through fault or negligence. *See* 31 P.R. Laws Ann. § 5141; *Valle v. American Int'l Ins. Co.,* 108 P.R. Dec. 692 (P.R.1979). Article 1803 of the Civil Code states, in relevant part: "The obligation imposed by the preceding section is demandable, not only for personal acts or omissions, but also for those of the persons for whom they should be responsible." 31 P.R. Laws Ann. § 5142. Negligence has been defined by the Puerto Rico courts as "the failure to exercise due diligence to avoid foreseeable risks." *De–Jesús–Adorno v. Browning Ferris Industries of Puerto Rico, Inc.,* 160 F.3d 839, 842 (1st Cir.1998) (citing *Malavé–Félix v. Volvo Car Corp.,* 946 F.2d 967, 971 (1st Cir.1991)).

■ A plaintiff seeking to recover for personal injuries under Article 1802 based on a negligence theory must establish "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." *Id.* (*citing Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.,* 124 F.3d 47, 50 (1st Cir.1997)); *see also Sociedad de Gananciales v. González Padín Co., Inc.,* 117 P.R. Dec. 94, 105, 1986 WL 376809 (P.R.1986); *Hernández v. Fournier,* 80 P.R. Dec. 93 (P.R.1957).

■ In the case at bar, Plaintiffs allege that Defendants incurred in negligence by not having the proper reflective signage, by not performing an adequate inspection before transferring ownership or control the road in question, by not having adequate lighting, and by not finishing the road properly, all of which resulted in the

death of Gerardino Bonilla. According to Plaintiffs, then, the construction project at issue was not built according to the specifications. However, the Court cannot ascertain any of these facts, since it does not have the plans in question before it. Therefore, it cannot ascertain whether the original plans did indeed call for signage and lighting, and what type of signage and/or lighting was required either under the plans or the law.

Furthermore, the Court disagrees with Plaintiffs that the aforementioned items are "apparent defects" in the construction at issue. Plaintiffs' conclusory allegation that "these traffic controls for street terminations have been recommended by different government bodies" is not enough to establish liability. All these allegations go to *negligence*, which is an issue of fact solely within the jury's province as finders of fact. Therefore, it is for the jury to decide, based on the evidence presented by the parties, whether in fact negligence was evident in the project at issue and who, if anyone, should be held accountable therefor.

## V.  CONCLUSION

Because it finds that there are genuine issues of material fact which preclude it from entering summary judgment, the Court DENIES the motion for summary judgment on all grounds advanced by Defendants.

**IT IS SO ORDERED.**