Virgilia **NIEVES–ROSADO,**
**et al., Plaintiffs,**

v.

**PUERTO RICO HIGHWAYS**
**AUTHORITY, et al.,**
**Defendants.**

No. CIV. 04–2379(JAF).

United States District Court,
D. Puerto Rico.

Nov. 29, 2005.

Charles S. Hey–Maestre, De Jesus, Hey & Vargas Law Office, Jose J. Nazario–De–La–Rosa, Nazario & Santiago Law Office, San Juan, PR, for Plaintiffs.

Juan J. Vilella–Janeiro, Vilella Janeiro Law Office, Guaynabo, PR, for Defendants.

Minerva Suarez–Rodriguez, Orocovis, PR, pro se.

### ORDER

FUSTE, Chief Judge.

Plaintiffs, Virgilia Nieves–Rosado, Ramón Nieves, Esther Nieves, Ivette Cao–Romero, David Nieves, Yolanda Nieves, and Roberto Nieves, bring the present diversity suit against Defendants, Puerto Rico Highways Authority ("PRHA"), Jesús Rosario Suárez, Minerva Suárez Rodríguez, Rosario Doe, and unnamed insurance companies, alleging that Defendants negligently designed, constructed, and maintained the Vega Baja intersection of Puerto Rico Highways PR–644 and PR–137

("the PR–137 intersection"), leading to a car accident that resulted in Plaintiff Nieves–Rosado's severe injury and Ramón Nieves–Rijos' death. *Docket Document No. 1.* Before this court is Defendant PRHA's second motion for summary judgment, which argues that it is not answerable for Plaintiffs' claims because the PR–137 intersection in Vega Baja was designed and constructed by independent contractors. *Docket Document No. 17.*

## I.

### Procedural History and Case Management

Defendant PRHA filed its first motion for summary judgment on March 31, 2005, averring that contrary to Plaintiffs' allegations, Defendant PRHA is not responsible for the PR–137 intersection's maintenance, which is solely under the stewardship of the Puerto Rico Department of Transportation, a non-party entity. *Docket Document No. 9.* In their tardy reply, filed on August 8, 2005, Plaintiffs voluntarily dismissed their claims based upon PR–137's maintenance, but reiterated their negligent design and construction claims. *Docket Document No. 13.*

On August 12, 2005, we denied Defendant PRHA's motion for summary judgment, though, in accordance with Plaintiffs' concession, limiting the present action's scope to the issues of negligent design and construction. *Docket Document No. 14.* We also noted, with dismay, Plaintiffs' unexplained five-month delay in filing an opposition to the summary judgment motion. We stated:

> Today, we choose not to grant Defendants' motion as unopposed, nor to dismiss Plaintiffs' claims for failure to prosecute. Nevertheless, we strongly advise Plaintiffs to abide by all applicable deadlines, and to move for time extensions,

when they are needed, in a timely and responsible manner. Future unexplained delays will result in severe prejudice.

*Docket Document No. 14.*

On September 2, 2005, Defendant PRHA moved for summary judgment a second time, arguing that under commonwealth law, it is not responsible for the PR–137 intersection's design and construction. Plaintiffs blithely allowed the ten-day time limit for filing an opposition to pass without submitting so much as a request for an extension of time or even an informative motion. *See* D.P.R. LOCAL R. 7.1. Astoundingly, Plaintiffs waited until November 11 and 13, 2005—more than two months after the deadline—before filing, respectively, an informative motion regarding an initial disclosure conflict and an opposition to Defendants' motion for summary judgment. *Docket Document Nos. 18, 19.* To the extent that the delay relates to the disclosure problems described in Plaintiffs' informative motion, Plaintiffs easily could have filed an extension of time request at a much earlier juncture.

Plaintiffs' appalling disregard for our earlier warning must be met with consequences. We will consider Defendant PRHA's second motion for summary judgment as unopposed, disregarding Plaintiffs' tardy filing but nevertheless inquiring "whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Lopez v. Corp. Azucarera de P.R.,* 938 F.2d 1510, 1516 (1st Cir.1991); *see also Cordero–Soto v. Island Finance, Inc.,* 418 F.3d 114, 118 (1st Cir.2005). We also deny any relief requested in Plaintiffs' informative motion, beyond simply mandating that both parties adhere to the applicable discovery and disclosure rules. *See* FED. R. CIV. P. 26(a). Finally, we

warn Plaintiffs that we will consider any further delays as sufficient grounds for dismissal for failure to prosecute. *Capo v. United States*, 7 F.3d 283, 284–285 (1st Cir.1993). In light of the seven months that have already lapsed due to delays, further extensions of time will be granted sparingly, and only if requested in a timely manner.

## II.

### Analysis

Defendant PRHA argues that they cannot be held liable for the negligent design and construction of the PR–137 intersection, which was designed and constructed by independent contractors. We are puzzled by Defendant PRHA's failure to raise its argument in the earlier summary judgment motion, as the body of evidence has not changed since that time. In any event, Defendant's motion is without merit and is denied.

Defendant PRHA argues that under Puerto Rico law, the employer of an independent contractor is not liable to a third party who suffers harm as a result of the independent contractor's negligent design or construction work.

### A.  Independent Contractor Liability

■ In *Lopez v. Cruz Ruiz*, 131 D.P.R. 694 (1992), the Commonwealth's highest court found that a municipal government body that had hired an independent contractor to transport waste material was not liable for damages when the independent contractor employee's truck impacted and injured a child riding a bicycle. Reasoning that because "the fault or negligence that gives rise to the employer's liability is the result of the failure to take the necessary precautions," the court held that "an indispensable condition for holding a project employer liable for the fault

or negligence of an independent contractor is that the ... harm [caused to the claimant] could have been foreseen by the employer ...." Finding that the child's injuries were traceable only to the independent contractor employee's failure to take routine driving precautions, the court found that because the independent contractor's negligence was unforeseeable, it did not render the independent contractor's employer, the municipality, liable. *Id., Lopez v. Nutrimix Feed Co.*, 27 F.Supp.2d 292, 298 (D.P.R.1998). Taken together with *Martinez Gomez v. Chase Manhattan Bank*, 108 D.P.R. 515, 1979 WL 59124 (1979), *Lopez v. Cruz Ruiz* clearly requires foreseeability in determining liability against the employer of an independent contractor.

Defendant PRHA makes no effort to suggest that poor design and construction was an unforeseeable consequence of the duties that it entrusted to independent contractors for the PR–137 intersection's design and construction. First, the record before us is far too meager to support any averment regarding the foreseeability of fault or negligence in the PR–137 intersection's design or construction. The only documents contained in the record merely affirm that independent contractors were used for the project, but contain no information whatsoever about the project's design and implementation. We are unable to conclude, as a matter of law, that the negligent design and construction which allegedly caused Plaintiffs' harm was unforeseeable.

According to Defendant PRHA's own submission, the PRHA engaged in an "inspection [that] showed that the project was constructed according to plans and specifications, and no visible defects were noted, which is why it was accepted from the contractor. Since this project was accepted by the Authority ... we would ap-

preciate if it was made a part of the network of highways . . . ." *Docket Document No. 10, Exh. 3.* This statement suggests that Defendant PRHA acknowledges its responsibility over ensuring safe highway construction, a finding that has been deemed uncontroversial by other courts in this district. *See Bonilla v. P.R. Highway Auth.,* 368 F.Supp.2d 113, 115 (D.Puerto Rico 2005) ("Defendant PRHA is in charge of supervising the construction and design of new highways in Puerto Rico."). To the extent that Defendant PRHA delegates its responsibilities to independent contractors, it would be difficult to imagine a more foreseeable set of adverse consequences than negligent highway design and construction.

## B. *Design & Construction Defects*

■ Defendant PRHA claims that third parties who suffer damage as a result of defective building construction can only sue architects and constructors, but not owners. The statute that Defendants cite in support of this proposition states: "Should damages [caused by building collapse, inter alia] arise from defects in construction, the third person who suffers it may only claim damages of the architect, or, in a proper case, of the constructor, within the legal period." 31 L.P.R.A. § 5148 (1991 & Supp.2003). This statute is intended to protect an owner from suit for hidden defects that emerge after the work has been delivered to him, and to confer liability instead to the architect and/or builder. *See, e.g., Richmond Steel Inc. v. Legal & Gen. Assur. Soc., Ltd.,* 825 F.Supp. 443, 445-46 (D.Puerto Rico 1993)(construing related statute, 31 L.P.R.A. § 4124 (1991) to protect owner only when defects are not visible upon delivery). The nature of Plaintiffs' complaint suggests that any alleged defect in the highway intersection's construction (e.g., blind turns, confusing road conver-

gence) would be manifestly visible to PRHA during its inspection, hence we are inclined to find that § 5148 is inapplicable. In any case, Defendant PRHA has failed to present any evidence suggesting that the design and construction flaws were inconspicuous. Based on the record before us, we are unable to conclude that § 5148 shields Defendant PRHA from liability.

## III.

### *Conclusion*

We **DENY** Defendant PRHA's motion for summary judgment. *Docket Document No. 17.* Neither independent contractor liability law nor design and construction defect law protect Defendant PRHA from suit and, in any event, we would find difficulty in concluding, as a matter of law, that the governmental agency exclusively responsible for highway construction is not responsible for the safety and reliability of its end product merely because it uses independent contractors to effectuate its work. We **DENY** any relief sought through Plaintiffs' informative motion. *Docket Document No. 18.* Both parties must adhere strictly to the discovery and disclosure rules articulated under the Federal Rules. Further unexplained delays by Plaintiffs will result in dismissal of their claims with prejudice.

**IT IS SO ORDERED.**